

A CERTIFIED TRUE COPY
ATTEST

By Denise Morgan-Stone on Oct 06, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Oct 06, 2009

FILED
CLERK'S OFFICE

IN RE: PRE-FILLED PROPANE TANK MARKETING
AND SALES PRACTICES LITIGATION

MDL No. 2086

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiff in an action pending in the District of Kansas has moved, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in that district. This litigation currently consists of that action and four actions pending in the Central District of California, the Northern District of California (two actions), and the Western District of Missouri, respectively, as listed on Schedule A.[1]

All responding parties support centralization, but there is disagreement as to an appropriate transferee district. Plaintiffs in five potential tag-along actions pending in the Middle District of Florida, the District of Kansas (two actions), the Western District of Missouri, and the Eastern District of Pennsylvania also favor selection of the District of Kansas. Other suggested districts include the Central District of California (favored by plaintiffs in a potential tag-along action pending in that district), the Northern District of California (favored by plaintiffs in three constituent actions pending in the Central District of California and the Northern District of California (two actions), respectively, as well as by plaintiffs in a Northern District of California potential tag-along action), the District of Minnesota (favored by plaintiff in a potential tag-along action pending in that district), and the Western District of Missouri (favored by responding defendants[2]).

---

[*] Panel members who potentially are members of a yet-to-be certified class in this litigation have renounced their participation in any such class and have participated in this decision. To the extent that such an interest is later determined for any reason to survive the renunciation, the Panel invokes the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. See *In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

[1] The parties have notified the Panel of fourteen additional related actions. Those actions and any other related actions are potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] AmeriGas Propane, Inc.; AmeriGas Partners, L.P.; AmeriGas Propane, L.P.; Ferrellgas Partners, L.P.; Ferrellgas, L.P.; and Ferrellgas, Inc.

**ECF DOCUMENT**
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of Missouri.

Date Filed: 10/6/09   ANN THOMPSON, CLERK
By: _____, Deputy Clerk

On the basis of the papers filed and hearing session held, we find that these five actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All five actions involve allegations that the defendant providers of pre-filled propane gas tanks deliberately began under-filling those tanks in 2008, when energy prices spiked, and then failed to adequately disclose that fact to consumers. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (including with respect to class certification), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Western District of Missouri is an appropriate transferee district for pretrial proceedings in this litigation. The Ferrellgas defendants have their corporate offices both in and just outside of that district, and thus a significant amount of discovery is likely to take place in the district. In addition, Judge Gary A. Fenner, who is already presiding over one of the constituent actions, has the time and experience to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of Missouri are transferred to the Western District of Missouri, and, with the consent of that court, assigned to the Honorable Gary A. Fenner for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Robert L. Miller, Jr.          Kathryn H. Vratil
David R. Hansen                W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.

IN RE: PRE-FILLED PROPANE TANK MARKETING
AND SALES PRACTICES LITIGATION                                         MDL No. 2086

## SCHEDULE A

### Central District of California

Yisroel Lazaroff v. Ferrellgas, L.P., et al., C.A. No. 2:09-4274                09cv841

### Northern District of California

Jack Fuller, et al. v. Amerigas Propane, Inc., et al., C.A. No. 3:09-2493       09cv842
Bart Fraenkel, et al. v. Amerigas Propane, Inc., et al., C.A. No. 3:09-2616     09cv843

### District of Kansas

Jeremy Drucker v. Ferrellgas Partners, L.P., et al., C.A. No. 2:09-2305         09cv844

### Western District of Missouri

Gina M. Calarco v. Ferrellgas Partners, L.P., et al., C.A. No. 4:09-465